(29 Misc. Rep. 322.)

## MUTUAL BANK v. BURRELL.

(Supreme Court, Appellate Term. October 25, 1899.)

1. MEMBERSHIP CORPORATION DUES—ASSIGNMENT AS COLLATERAL—EVIDENCE—SUFFICIENCY.

    From the verified petition of a receiver of a membership corporation to be allowed to continue in the name of the plaintiff an action for dues brought by a bank to which they had been assigned as collateral it appeared that the assignment was made as security for a $1,500 note of the corporation. *Held*, that evidence of this would justify a finding that the assignment was collateral only for that note.

2. PLEDGE—SUIT ON COLLATERAL.

    An action cannot be brought by the pledgee on collateral after the secured debt is paid.

3. MEMBERSHIP CORPORATION—ACTION ON ASSIGNED DUES—CONTINUANCE BY RECEIVER.

    Code Civ. Proc. §§ 755, 756, providing that an action does not abate if the cause survives, and that in case of transfer of interest the action may be continued unless the court directs the person to whom the interest is transferred to be substituted or joined, as the case requires, cannot be invoked to aid a receiver of a membership corporation to continue an action for dues brought in the name of a bank, to whom they had been assigned by the corporation as collateral, where the bank had no right to commence it.

Appeal from municipal court, borough of Manhattan, Third district.

Action by the Mutual Bank against William S. Burrell. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Charles De Hart Brower, for appellant.

Lewis & Stoddart, for respondent.

FREEDMAN, P. J. This action was brought by the plaintiff upon an assigned claim for dues alleged to be due and owing by the defendant to a membership corporation of the city of New York called the "Military Club." The facts are substantially undisputed. It appears that upon July 1, 1898, there was due from the defendant, by reason of his membership in said club, and according to the by-laws thereof, the sum of $20 for six months' dues, payable in advance. On August 8, 1898, the club, by its president, secretary,

and treasurer, and under the seal of the corporation, executed an assignment to the plaintiff herein of the dues then owing by a large number of its members, the defendant among others. Upon the same day the plaintiff discounted two promissory notes made by the club for the sum of $1,500 and $2,500, respectively, and, as further security, took personal checks from several responsible members of the Military Club, aggregating the sum of $4,000. It is conceded that the assignment of the dues mentioned was made as collateral security, but a question has been raised as to whether it was made and taken as collateral security for the payment of both notes, or for the payment of the $1,500 only. The testimony of the cashier of the plaintiff was, in the first instance, that the assignment was made and taken as collateral security for the payment of one of the notes; but later on he testified he was not sure but what it might have been taken on account of both notes in connection with the personal checks of several members. But there was further evidence on the point. On November 2, 1898, Avery D. Andrews was appointed receiver of said club, and from a certain petition, verified March 16, 1899, made by him for the purpose of obtaining an order at the special term of the supreme court allowing him, as receiver, to continue this and other actions in the name of the plaintiff, it was made to appear that the assignment of the claim for dues of members was made as collateral security for the payment of the $1,500 note above mentioned. Upon this evidence the judge below had a right to find that the said assignment constituted collateral security only for the payment of the $1,500 note. That being so, and it further appearing beyond dispute that the $1,500 note was paid to the plaintiff on October 6, 1898, and that the action was not commenced until October 10, 1898, the plaintiff, at the time of the commencement of the action, had no longer any cause of action against the defendant. This effectually disposes of the case. Moreover, even the $2,500 note was paid to the plaintiff on October 23, 1898, and thereupon the checks taken from members as collateral security were returned to them by the plaintiff. But the effect to be given to these additional facts need not be considered here. Sections 755 and 756 of the Code of Civil Procedure cannot be invoked by the receiver for the purpose of enabling him to continue an action in the name of a plaintiff who had no right to commence it.

Judgment affirmed, with costs. All concur.