OMAHA LOAN & BUILDING ASSOCIATION, APPELLEE, v. WILLIAM D. COCKE, APPELLEE: FIRST NATIONAL BANK OF HASTINGS, APPELLANT.

FILED NOVEMBER 3, 1917.   No. 19417.

Bills and Notes: INVALID PRINCIPAL: RECOVERY ON COLLATERAL. If a plaintiff has no interest in the note sued upon except as collateral security for a note held by him, he cannnot recover on the collateral if the principal note is wholly invalid.

APPEAL from the district court for Douglas county: WILLIS G. SEARS, JUDGE. *Affirmed.*

*Hainer & Craft,* for appellant.

*Morsman & Maxwell,* contra.

SEDGWICK, J.

The First National Bank of Hastings was made defendant in a proceeding to foreclose a real estate mortgage given by the defendant Cocke, as mortgagor, to the Nebraska Hardware Company. The mortgage was foreclosed, the property sold, and the proceeds applied upon the mortgage. The bank held a note for $1,550, given it by the Nebraska Hardware Company, which it claimed was secured by the note and mortgage executed by the defendant Cocke, which had been turned over to the bank by the hardware company as collateral security, and asked the court in the foreclosure proceedings for a

deficiency judgment upon the collateral note, to be applied upon the note given to the bank by the hardware company. The defendant Cocke defended against the application for a deficiency judgment upon two grounds. He alleged that there was nothing further due upon the note and mortgage executed by him, and alleged that the $1,550 note which was given by the hardware company to the defendant bank was without consideration, was illegally issued, and was not a valid liability. The court found for the defendant, and the bank has appealed.

If a plaintiff has no interest in the note sued upon except as collateral security for a note held by him, he cannot recover on the collateral if the principal note is wholly invalid. In such case he has no title to the collateral, and is not the real party in interest in proceedings to collect thereon. Story, Bailments (9th ed.) secs. 300, 301; *Mutual Bank v. Burrell*, 60 N. Y. Supp. 522.

As the bank alleged no interest in the note upon which the mortgage had been foreclosed except as collateral security for the $1,550 note, if it should be found that there was no liability on this latter note, the bank could not recover in this action, and we will first consider that question. The $1,550 note which was given by the hardware company to the bank, it is conceded, was given in settlement of a former note which the bank held against one Fawthrop, upon which Jakway, who was the president of the hardware company, was indorser. The defendant Cocke, who was a stockholder in the hardware company and was familiar with its business, testified that there was no other consideration for the $1,550 note owned by the bank than the personal liability of Jakway and another, and that the note was fraudulently executed in the name of the hardware company by Jakway and another without any authority from the corporation to assume on its part the said liability. The records of the hardware company were not in evidence upon this question, but were under the control of Jakway and others, who were hostile to the interests of Cocke, and

were witnesses for the bank in this litigation, and it is contended on the part of the defendant Cocke that it devolved upon the bank, in the face of this evidence, to show that the corporation had authorized the assumption of this liability on its part. In answer to this contention, the brief of the bank quotes from section 5377, Rev. St. 1913, the negotiable instruments law:

"Every holder is deemed *prima facie* to be a holder in due course, but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as a holder in due course. But the last mentioned rule does not apply in favor of a party who became bound on the instrument prior to the acquisition of such defective title."

It is not contended, so far as we have observed, that the bank was a holder in due course, that is, that the bank was an innocent purchaser of this collateral and was entitled to recover thereon as such. Indeed, so far as it is pointed out in the briefs, the bank took this collateral after it was due and could not therefore be a holder in due course. The section of the statute quoted, therefore, has no application to the question whether there was any consideration for this note, and whether its execution and delivery to the bank was the valid act of the corporation. The defendant Cocke alleged and undertook to prove a negative, that is, that the corporation had not assumed the liability of Jakway and another, and had not authorized the execution of the note, and, under the familiar rule, when he had produced such positive testimony supporting his contention, it devolved upon his opponent to prove the affirmative, which, if the corporation had assumed the liability and authorized the execution of the note, would be readily proved by the records of the corporation itself. Under these circumstances, and in the condition of this evidence, the court was justified in finding that the corporation had never assumed this liability and authorized the execution of

this note. As the bank had no claim which it could enforce against the corporation, and had no other interest in the collateral, it was not entitled to a deficiency judgment thereon.

The judgment of the district court is

AFFIRMED.