OMAHA LOAN & BUILDING ASSOCIATION, APPELLEE, v. WILLIAM D. COCKE, APPELLEE: FIRST NATIONAL BANK OF HASTINGS, APPELLANT.

FILED JUNE 26, 1918.   No. 19417.

Notes: OWNERSHIP: GENERAL DENIAL: PROOF. If a general allegation of ownership of a promissory note is supported only by evidence

that it is held as collateral security, the party sought to be charged may, under a general denial of such ownership, prove that there is nothing due upon the principal note, and so defeat a recovery.

Opinion on motion for rehearing of case reported in 101 Neb. 750. *Former opinion adhered to.*

SEDGWICK, J.

In our former opinion in this case, 101 Neb. 750, we said: "As the bank alleged no interest in the note upon which the mortgage had been foreclosed except as collateral security for the $1,550 note, if it should be found that there was no liability on this latter note, the bank could not recover in this action, and we will first consider that question." The appellant, First National Bank of Hastings, in its motion and brief for rehearing asserted: "That no issue is made by the pleadings in this cause by the appellee on the validity of the principal note, and to which the note and mortgage herein sued upon are collateral." Upon this statement argument was had before the court, and upon examination of the record we find that the bank in its answer and cross-petition alleged the execution of the $2,500 note secured by the mortgage that was being foreclosed, and upon which decree had been entered in favor of the Omaha Loan & Building Association, plaintiff, upon one of the $2,500 notes secured by the mortgage, and then in its answer the bank alleged that "for a good and valuable consideration said note and mortgage securing the same were duly assigned, transferred and set over to this answering defendant on or about the 1st day of June, 1911, and that this answering defendant is now and ever since has been the owner of said note and mortgage, and that no part of the amount called for by said note and mortgage has been collected or paid, and the said note and mortgage have long since been due and payable." Nothing further is alleged in this answer of the bank as to its title and interest in this note, and it appears that upon the trial the bank claimed that its title and interest in the note was as collateral

security to the $1,550 note mentioned· in our former opinion. The answer of the defendant Cocke to this cross-petition of the bank denied the allegation that the bank was the·owner of the note, and when the bank proved its ownership only by showing that it held it as collateral to the $1,550 note, it was clearly proper for the defendant Cocke to show that there was nothing due upon the $1,550 note for which the bank claimed to hold the note in litigation as collateral.

The judgment of the district court is fully sustained for the reasons stated in our former opinion, which is therefore adhered to.

FORMER ·OPINION ADHERED TO.